Olive R. HAYNES, Administratrix of the
Estate of W. L. Haynes, Deceased,
Plaintiff in Error,

v.

Gorda Lou BARNETT and Johnnie Villa
Rodgers, Defendants in Error.

No. 44544.

Supreme Court of Oklahoma.

April 13, 1971.

Speck & Philbin Attorneys, Inc., by Charles B. Lutz, Jr., Oklahoma City, for plaintiff in error.

Milton Keen, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

Defendants in error have moved the Court for dismissal of this appeal asserting failure by plaintiff in error to designate and procure a record on appeal within the interval allowed by rules 1.20 and 1.26, Civil Appeals Rules, 12 O.S.Supp.1970 following § 993 page 325. Plaintiff in error in response resisting the motion to dismiss confesses the assertion and seeks an extension of time to perfect the record. The application by plaintiff in error for extension of time does not factually qualify for consideration under rule 1.26(d) because no designation was ever made. The application for extension of time to complete a record on appeal is denied and the cause is dismissed for lack of diligent prosecution.

Unexcused failure by a plaintiff in error to timely designate the record on appeal pursuant to applicable civil appeal rules constitutes an abandonment of the appeal and the appeal becomes subject to dismissal. Nicklau v. Peoples State Bank, Okl., 459 P. 2d 853; Smith, Gdn. v. Smith, Okl., 463 P. 2d 971. The court is cognizant that court reporters may reasonably for causes beyond their control occasionally be burdened beyond capacity for timely compilation of a record. Delays attributable to such circumstance cannot constitute an embarrassment for litigants. No fault is found and no sanction imposed upon any whose duties have been substantially performed within a reasonable time. Time limitations are in nature arbitrary but any orderly procedure must necessarily fix, and honor, time limits.

The appeal is dismissed.

BERRY, C. J., and BLACKBIRD, JACKSON, IRWIN, HODGES, and McINERNEY, JJ., concur.