In re Initiative Petition Numbered XI of the CITY OF TULSA, Oklahoma, a Municipal Corporation.

No. 48859.

Supreme Court of Oklahoma.

Nov. 9, 1976.

Rehearing Denied Feb. 9, 1977.

Chapel, Wilkinson, Riggs, & Abney by Frank Gregory, Tulsa, for proponents.

Waldo F. Bales, City Atty., Neal E. McNeill, Jr., Asst. City Atty., William M. Northcutt, Deputy City Atty., Tulsa, for contestants.

HODGES, Vice Chief Justice.

An initiative petition was made the subject of an application by proponents for certification by this Court of the number of presumptively valid signatures subscribed to such petition pursuant to 34 O.S.Supp. 1973 § 8. The matter was referred to a Referee of this Court who thereafter entered an order determining that the counterparts of the said petition bore 26,516 presumptively valid signatures and directed the city auditor of the City of Tulsa to discharge the duties made incumbent upon him by Section 8, supra.

The city auditor [1] found the initiative petition insufficient on three stated grounds:

    (1) that the number of presumptively valid signatures are insufficient to

---

1. The City Auditor is the Chief Clerk of the City of Tulsa, Oklahoma, and functions as the counterpart of the Secretary of State in matters of municipal legislation.

place the proposals before the electorate.

(2) that the initiative petition joined together a multiplicity of purposes and subjects but allowing only a single choice.

(3) that the measures proposed by the petition violate the constitutional prohibition against delegation of legislative power.

The assigned Referee has determined that the finding of the city auditor was published in a newspaper of general circulation on July 9, 1976 and that such notice proclaimed that any citizen of the City of Tulsa could, within ten (10) days following publication, file a protest or objection by written notice to the Supreme Court of the State of Oklahoma. The Referee has also determined that proponents of the petition did on July 20, 1976 file in this Court an application which pleading challenged the validity of the finding by the city auditor and the legal authority to make such finding. Proponents included in the application a prayer for a writ of mandamus compelling submission of the proposals of the petition to the electorate for adoption or rejection.

The objection by proponents to the finding by the city auditor was filed on the eleventh day following the date of publication, which was beyond the period allowed by statute. 34 O.S.Supp.1973, § 8. The tenth day following the publication on July 9, 1976, ended on Monday, July 19, 1976. The cited statute in pertinent part provides:

". . . Upon order of the Supreme Court it shall be the duty of the Secretary of State to forthwith cause to be published, in at least one newspaper of general circulation in the state, a notice of such filing and the apparent sufficiency or insufficiency thereof and notice that any citizen or citizens of the state may file a protest to the petition or an objection to the count made by the Supreme Court of the state, by a written notice to the Supreme Court of the state and to the person or persons filing the petition, said protest to be filed within ten (10) days after publication . . ."

Contestants contend the failure of the proponents to file their protest or objection within the statutory period of ten days renders it jurisdictionally defective. We agree. In *In Re Initiative Petition,* 461 P.2d 14 (Okl.1969), we held, if a protest or objection to an initiative or referendum is not filed within the statutory period, there is no jurisdiction, and the appeal must be dismissed. Furthermore, Rule 1.170, Rules of Supreme Court, Appellate Procedure—Civil, Ch. 15, App. 2, provides:

An appeal from a decision of the Secretary of State or of a chief clerk of a city passing on the legality or sufficiency of an initiative or a referendum petition may be commenced by filing in this court, within 10 days after such decision has been made, a petition for review with four copies. 34 O.S.1961 § 8. This time limit may not be extended either by the tribunal or by this court . . ..

No justiciable controversy came into existence during the interval allowed for invocation of the jurisdiction of this Court in an initiative petition matter and the determination by the city auditor became final. Time limitations are in nature arbitrary, but an orderly procedure must necessarily fix, and honor, time limits, *Haynes v. Barnett,* 483 P.2d 1140 (Okl.1971). The alternatives lead uniformly to chaos.

There being nothing before this Court for adjudication, the cause is dismissed.

All Justices concur.